UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jo A. McLellan, Civ. File No. 01-596 (PAM/SRN)

Plaintiff,

v. **MEMORANDUM AND ORDER**

Allstate Insurance Company, Inc.,

Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons that follow, the Court will deny the Motion to Dismiss.

**BACKGROUND**

Plaintiff Jo A. McLellan ("McLellan") began working as an agent for Defendant Allstate Insurance Company, Inc. ("Allstate") in 1978. In late 1999 or early 2000, Allstate began the process of reorganizing its business through a program called the "Exclusive Agency Program." Under this program, Allstate discontinued its practice of employing agents directly and converted most agents to independent contractor status.

Allstate furnished McLellan with materials regarding the reorganization in January 2000. Among these materials was an election form and general release. In exchange for a release of all claims against Allstate, this form allowed an agent to choose one of three options: (1) convert to independent contractor status and keep the agent's book of business; (2) convert to independent contractor status and sell the agent's book of business to Allstate;

FILED SEP 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

or (3) receive enhanced severance pay. If an agent did not wish to waive claims against Allstate, he or she would receive severance pay in an amount less than that under the third option described previously.

McLellan signed the election form and release on May 29, 2000, electing to convert to independent contractor status and sell her book of business to Allstate. She filed a claim of age discrimination with the Equal Employment Opportunity Commission ("EEOC") shortly thereafter. The EEOC subsequently issued McLellan a right to sue letter, and she brought this lawsuit, raising claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Minnesota Age Discrimination Act, Minn. Stat. § 181.81 et seq., and the Minnesota Human Rights Act, Minn. Stat. § 363.01 et seq. Allstate contends that a dismissal is appropriate because McLellan released Allstate from liability for all claims, including claims under the ADEA and Title VII.

In her Complaint, McLellan contends that Allstate's allegedly discriminatory actions produced economic duress and coercion, making her release of claims ineffective. Specifically, she claims that her sales manager, Tim Kruse, who knew that McLellan was financially unable to maintain a single-agent office, told her that she would be allowed to share an office with another agent after the reorganization. However, on May 13, 2000, Mr. Kruse allegedly reversed course and told McLellan that she could not share an office with another agent. McLellan alleges that younger agents were allowed to share offices, and that

Allstate's refusal to afford her the same opportunity constitutes age discrimination. As a result of this alleged age discrimination, McLellan asserts that she had no choice but to sign the release and sell her book of business to Allstate.

**DISCUSSION**

For the purposes of the Motion to Dismiss, the Court takes all facts alleged in the Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

To establish that a release of claims is ineffective for economic duress or coercion, McLellan must prove that: (1) she involuntarily accepted the terms of Allstate; (2) the circumstances permitted no other alternative; and (3) the circumstances were the result of coercive acts by Allstate. W.R. Grimshaw Co. v. Nevil C. Withrow Co., 248 F.2d 896, 904 (8th Cir. 1957). Whether the facts alleged are sufficient to constitute a defense of coercion or duress is a matter of law to be resolved by the Court. Oskey Gasoline & Oil Co. v. Continental Oil Co., 534 F.2d 1281, 1286 (8th Cir. 1976). However, "the question of whether the facts alleged actually exist is a jury issue." Id. (citing W.R. Grimshaw, 248 F.2d at 902). Thus, if in her Complaint McLellan has alleged sufficient facts to establish the coercion

defense, the Court cannot grant Allstate's Motion to Dismiss.[1]

Allstate contends that McLellan's proof fails at the second step of the test noted above. According to Allstate, McLellan could have accepted the base severance package and pursued her claims of discrimination. McLellan responds that this "alternative" was not an alternative at all because such a choice would deprive McLellan of the value of the business she had spent twenty-two years building. In essence, she claims that Allstate's allegedly discriminatory actions in refusing to allow her to office-share reduced her alternatives to one: sell her book of business to Allstate.

Allstate points the Court to cases holding that the choice between one alternative and a less attractive alternative does not establish the defense of duress or coercion. See, e.g., Leavitt v. Northwestern Bell Tel. Co., 921 F.2d 160, 163 (8th Cir. 1990). However, in these cases there was no allegation or evidence of any wrongful conduct on the part of the allegedly coercing party. Here, McLellan has alleged that Allstate's wrongful conduct deprived her of any choice. Thus, she has alleged all that is required at this preliminary stage of the litigation, which is that "the duress resulted from defendant's wrongful and oppressive conduct and not by plaintiff's necessities." W.R. Grimshaw, 248 F.2d at 904. If her allegations are supported by the evidence adduced in discovery, McLellan may be able to establish the defense of economic duress or coercion. Because the Court must take McLellan's allegations as true for

[1] The Court finds no merit in McLellan's allegation that she did not have the required 45 days to examine the release, and will not discuss this allegation further.

the purposes of this Motion, the Motion must be denied.

The Court will grant the Motion to Dismiss as to McLellan's claims under Title VII, however. Allstate asserts that Title VII does not apply to age discrimination actions and the Court agrees. Farawell v. City of Jersey City, No. CIV.A. 86-290, 1986 WL 5916, at *4 (D.N.J. May 20, 1986); Blakely v. United Servs. Auto. Ass'n, No. 99-1046-CIV-T-17F, 1999 WL 1053122, at *3 (M.D. Fla. Oct. 4, 1999). Thus, to the extent that McLellan's allegations are premised on Title VII, those allegations are dismissed.

Finally, the Court does not intend by its ruling to foreclose the possibility of summary judgment at the close of discovery. Should the evidence uncovered during discovery fail to support McLellan's allegations of coercion, summary judgment would be an appropriate vehicle by which to resolve the case. The parties should be mindful, however, that on summary judgment the Court may only determine whether the facts presented are sufficient to constitute a defense, and may not resolve issues of conflicting evidence or of credibility.

**CONCLUSION**

Accordingly, based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Clerk Doc. No. 7) is **DENIED in part** and **GRANTED in part**; and

2. Plaintiff's claims under Title VII of the Civil Rights Acts of 1964 are **DISMISSED WITH PREJUDICE**.

Dated: September 24, 2001

Paul A. Magnuson
United States District Court Judge